```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KALONJI MAHON,

                Plaintiff,

    -against-

NYC Corrections Officer ROSSLYN MCCALL, NYC Corrections Officer KIMBERLY WILLIAMS, DEBORAH MOULTRIE, Grievance Supervisor at NYC Corrections/Rikers Island,

                Defendants.

No. 13 Civ. 2076 (RA)

OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

    *Pro se* Plaintiff Kalonji Mahon brings this 42 U.S.C. § 1983 action against Defendants, two Correction Officers ("COs") and a grievance supervisor employed by the New York City Department of Correction ("DOC"). Plaintiff alleges the two COs denied his right of access to the courts by deliberately mishandling his legal mail while he was in custody at the George R. Vierno Center ("GRVC") on Rikers Island. Plaintiff also alleges that the grievance he filed in response to this deliberate mishandling was improperly denied by the Rikers grievance supervisor, in violation of his due process rights. All three Defendants jointly move to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants' motion to dismiss is granted.

### I.    BACKGROUND

    For the purposes of deciding this motion, the Court accepts as true all facts alleged by Plaintiff, see Kassner v. 2nd Ave Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007), including those facts alleged in Plaintiff's opposition papers, see Nielsen v. Rabin, 746 F.3d 58, 62-64 (2d

1

Cir. 2014) (considering facts alleged in *pro se* plaintiff's opposition papers in determining whether motion to dismiss or order granting leave to amend plaintiff's complaint was proper); Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering facts alleged in *pro se* plaintiff's opposition papers in deciding motion to dismiss).[1]

Plaintiff Mahon first alleges that "[o]n or around July 12, 2012," he visited the mail room at GRVC to send a piece of legal mail (Am. Compl. at 3), either a letter requesting additional time to file a *pro se* motion to set aside the verdict in a then-active state criminal court case (Am. Compl. Ex. E), or the underlying motion itself, (Am. Compl. Ex. F; Pl.'s Opp. at 1). Defendant CO Rosslyn McCall, the on-duty mail officer that day, provided Plaintiff a "certified return receipt slip" and told him that his letter could not be mailed until he completed an Inmate Request for Withdrawal of Funds form authorizing the withdrawal of funds sufficient to cover postage from his account. (Am. Compl. at 3.) Plaintiff eventually returned to the mail room, where he handed CO McCall his letter and was told that it would "go out as soon as possible." (Id.) The Amended Complaint appears to allege that CO McCall was aware both that the mail in question was legal mail and that it was urgent—Plaintiff claims that the letter was due in state court by the week of July 16, 2012. (Id.)

When Plaintiff appeared in state court on July 16, 2012, however, he was allegedly informed that his 'motion' had not arrived. (Id.) It is unclear which motion Plaintiff claims had not arrived—his letter motion for an extension of time or the underlying motion to set aside the

---

[1] Also pending before the Court is Plaintiff's March 24, 2014 motion to file a surreply in response to Defendants' joint reply memorandum of law. (ECF No. 46). Because Plaintiff has indicated that his surreply would respond only to Defendants' charge that he raised new facts in his opposition papers (id.), and because the Court has agreed to consider those facts in deciding the pending motion to dismiss, a surreply is unnecessary. Accordingly, the Court exercises its discretion in denying Plaintiff's motion to file a surreply. See Kapiti v. Kelly, No. 07 CIV. 3782(RMB)(KNF), 2008 WL 754686, at *1 n.1 (S.D.N.Y. Mar. 12, 2008) ("[T]he decision to permit a litigant to submit a surreply is a matter left to the Court's discretion . . . ."), aff'd, 07 CIV. 3782, 2008 WL 1882652 (S.D.N.Y. Apr. 28, 2008).

verdict itself—but the record indicates that he was nonetheless granted an extension until July 24, 2012 to file his *pro se* motion pursuant to New York State Criminal Procedure Law ("CPL") § 330.30. (Id.)

Sometime thereafter, Plaintiff returned to the mail room at GRVC to inquire as to the status of the mail he had sent on July 12, 2012. (Id.) Defendant CO Kimberly Williams, the officer assigned to the mail room that day, informed Plaintiff that the status of his mail was "unknown." (Id.) However, on August 6, 2012, Plaintiff's letter of July 12, 2012 was returned to him by CO McCall, who told him that "it was the wrong form even though she had supposedly processed [his] legal mail." (Id.)

Plaintiff alleges that the handling of his mail by Defendants McCall and Williams was "grossly negligent" and amounted to "deliberate indifference and disregard." (Id. at 4.) He claims that this indifference and disregard "caused plaintiff to miss deadline by court in order to preserve and address issues of constitutional and due process dimensions." (Id. at 4.) He further contends that, had "plaintiff's *pro-se* [motion to set aside the verdict] . . . been received by court in time plaintiff would have been entitled to 'some form of relief' as a clear matter of law, And would have been pending new trial on bail." (Id. at 4.) A September 10, 2012 New York State Supreme Court opinion attached to Plaintiff's opposition papers makes it clear, however, that his motion to set aside the verdict *was* received by the state court, as the court's opinion explicitly relies upon sworn factual allegations made therein. (Pl.'s Opp. Ex. B, at 2 n.1.)

Nevertheless, on August 20, 2012, Plaintiff filed a formal grievance in this matter with Defendant Deborah Moultrie, the GRVC Grievance Supervisor. (Am. Compl. at 4.) On August 22, 2012, Plaintiff received notice, signed by Ms. Moultrie, that his complaint was "non-grievable" because it had not been filed within 10 days of the incident in question, as DOC requires. (Am.

3

Compl. Ex. B.) Plaintiff refused to sign the form acknowledging the denial of his complaint (id.), arguing that Ms. Moultrie had erroneously considered calendar, and not business days in calculating this 10-day filing period, (Am. Compl. at 4). On December 28, 2012, Plaintiff again raised this concern in a letter to Ms. Moultrie, in which he also alleged that she "purposefully mislead [him] and never forwarded the grievance"—or his claim that the grievance was wrongfully denied—to the 'warden,' despite promising to do so. (Am. Compl. Ex. C-1.)

An exhibit attached to Plaintiff's Amended Complaint indicates that he also sought redress for his right of access to the courts claim with the City of New York, filing a notice of claim and demand with the Office of the Comptroller on October 24, 2012. (Am. Compl. Ex. D.) The record does not indicate whether Plaintiff was successful in pursuing this claim.

Plaintiff filed his first complaint with this Court on March 27, 2013. (ECF No. 2.) He was granted leave to amend, and filed an amended complaint ("Am. Compl.") on September 14, 2013, which alleges the facts recounted above. In his opposition papers, filed on February 24, 2014 in response to Defendants' motion to dismiss, Plaintiff provides a more detailed account of the incidents alleged in his Amended Complaint, and attaches several new exhibits, among them the denial of Plaintiff's motion to set aside the verdict in his state criminal court proceeding. (Pl.'s Opp. Ex. B.) Plaintiff has requested an array of injunctive relief for his alleged constitutional injuries, as well as $10 million in compensatory damages and $2 million in punitive damages. (Am. Compl. at 7.)

## II.  APPLICABLE LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). However, in "considering a motion to dismiss

4

. . . the court is to accept as true all facts alleged in the complaint . . . [and] draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). "This rule applies with particular force where plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). Indeed, "[w]here, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (internal citations, quotation marks, and brackets omitted).

### III. DISCUSSION

Plaintiff's Amended Complaint raises two distinct claims: (1) that Defendants McCall and Williams interfered with his legal mail in violation of his constitutional right of access to the courts, and (2) that Defendant Moultrie violated his due process rights by erroneously denying his right of access to a meaningful prison grievance procedure.

#### A. Rights of Access to the Courts

The Supreme Court has recognized that prisoners have a right of access to the courts, a right alternately grounded in the "Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection, and Due Process Clauses." Christopher v. Harbury, 536 U.S. 403, 414-415 & n.12 (2002) (internal citations omitted); see also Morello v. James, 810 F.2d 344, 346 (2d Cir. 1987). Tampering with prison mail implicates this right where "the tampering unjustifiably chilled the prisoners' right of access to the courts or impaired the legal representation received." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003).[2]

---

[2] To the extent Plaintiff also alleges tampering with mail in violation of his constitutional right to the free flow of incoming and outgoing mail, this argument is unavailing; Plaintiff has only alleged a single instance of

5

To state such a claim, a plaintiff "must allege that the defendant took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." Id. In addition, a complaint must allege actual injury and specify which legal matter Defendant's alleged tampering hindered Plaintiff from pursuing. See Christopher, 536 U.S. at 415; see also Collins v. Goord, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (explaining that a showing of "actual injury" requires a plaintiff to "demonstrate that the defendant's conduct frustrated the plaintiff's efforts to pursue a nonfrivolous claim.")

Here, Plaintiff fails to allege any cognizable injury. Whether he claims that the mishandling of his legal mail delayed the state criminal court's receipt of his letter requesting additional time to file a *pro se* motion to set aside the verdict or the underlying motion itself, his opposition papers and the attachment thereto flatly contradict such allegations. In particular, in a footnote to the state court's September 10, 2012 decision denying Plaintiff's CPL § 330.30 motion, the court indicates that it reviewed Plaintiff's *pro se* motion in rendering its decision. (Id. ("However, prior to defense counsel's motion, defendant [Mahon] had filed a *pro se* motion, which contained sworn factual allegations raising this issue.").) Plaintiff also expressly notes in his opposition papers that his *pro se* CPL § 330.30 motion did, eventually, reach the state court—on August 14, 2014, nearly a full month before the state court's decision denying his motion. (Pl.'s Opp. at 2.)

As the documents make clear that the state court did indeed receive and consider his *pro se* motion to set aside the verdict prior to rendering a decision, (Pl.'s Opp. Ex. B at 2, n.1), Plaintiff is unable to establish that any harm resulted from Defendants' alleged tampering. At best, Plaintiff alleges a delay in communicating with the state court. A mere delay, however, "in being able to work on one's legal action or communicate with the courts does not rise to the level of a

---

tampering. See Davis 320 F.3d at 351 ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation.").

constitutional violation." Jermosen v. Coughlin, 877 F.Supp. 864, 871 (S.D.N.Y. 1995). Accordingly, Plaintiff's right of access to the courts claim must be dismissed.[3]

## B. Due Process Violations

In reviewing a plaintiff's Due Process claims, a court "must first determine . . . whether plaintiffs possessed a protected liberty or property interest." Sealed v. Sealed, 332 F.3d 51, 55 (2d Cir. 2003). Prisoners do "have the constitutional right to petition the Government for redress of their grievances." Hudson v. Palmer, 468 U.S. 517, 523 (1984). Notwithstanding this right, however, a "prisoner has no constitutional right to a prison grievance procedure or to have his grievance investigated." Hayes v. County of Sullivan, 853 F.Supp. 2d 400, 434 (S.D.N.Y. 2012). See also Alvarado v. Westchester County, 13 Civ. 2515, 2014 WL 2217873, *3 (S.D.N.Y. Apr. 24, 2014) (quoting Shell v. Brzezniak, F.Supp. 2d 362, 369-70 (W.D.N.Y. 2005) ("[I[nmate grievance programs created by state law are not required by the Constitution.").

"[C]onsequently[,] allegations that prison officials violated these procedures do not give rise to a cognizable Section 1983 claim." Id.; see also Brown v. Graham, 470 F. App'x 11, 13 (2d Cir. 2012) ("[Plaintiff's] argument that he has a federally protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."). Thus, whether Plaintiff's claim is construed to argue that he was denied access to a meaningful prison grievance procedure or that Defendant Moultrie failed to properly follow the prescribed DOC procedure, he has not alleged a protected liberty interest, and so his claim must be dismissed.[4]

---

[3] Because Plaintiff alleges no cognizable injury, it is unnecessary to address whether plaintiffs raising right of access to the courts claims must allege more than mere negligence by state or local officials, as Defendants argue.

[4] In light of the Court's ruling, it is unnecessary to reach Defendants' argument that Plaintiff failed to exhaust his administrative remedies.

**IV.   CONCLUSION**

Defendants' motion to dismiss is granted in its entirety. Plaintiff has not alleged a plausible claim for interference with legal mail in violation of his right of access to the courts, nor has he plausibly alleged that the denial of his grievance—erroneous or not—amounted to a violation of any Due Process rights. Accordingly, Plaintiff's Amended Complaint is dismissed.

The Clerk of Court is respectfully requested to close the motions pending at ECF numbers 36 and 46, and to close the case.

SO ORDERED.

Dated:   September 15, 2014
         New York, New York

_____
RONNIE ABRAMS
United States District Judge