UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: MAY 2 1 2015

KALONJI MAHON,

          Plaintiff,

      v.

NYC Corrections Officer ROSSLYN
MCCALL, NYC Corrections Officer
KIMBERLY WILLIAMS, DEBORAH
MOULTRIE, Grievance Supervisor at NYC
Corrections/Rikers Island,

          Defendants.

No. 13-CV-2076 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Kalonji Mahon, proceeding *pro se*, seeks reconsideration of the Court's September 15, 2014 decision granting Defendants' motion to dismiss his Amended Complaint. Plaintiff argues that the Court misunderstood his allegations regarding Defendants McCall and Williams, the Correction Officers ("COs") whom he claims deliberately mishandled his legal mail while he was in custody at the George R. Vierno Center ("GRVC") on Rikers Island. Properly understood, he contends, his allegations amount to a legally sufficient claim that both Defendants denied him his right of access to the courts. For the reasons that follow, Plaintiff's motion for reconsideration is denied.

## BACKGROUND

As the Court explained in its Opinion and Order ("Opinion") granting Defendants' motion to dismiss, Dkt. 47, Plaintiff alleges that on July 12, 2012, he visited the GRVC mailroom to send a piece of legal mail. Am. Compl. (Dkt. 15) at 3. The nature of this legal mail was unclear from the face of Plaintiff's Amended Complaint; Plaintiff appeared to allege either that it was a letter

requesting additional time to file a *pro se* motion to set aside the verdict in a then-active state criminal court case, or that it was the *pro se* motion itself. Am. Compl. 3; Op. 2. Nevertheless, after completing the necessary forms, Plaintiff handed his legal mail to Defendant McCall, the on-duty mail officer, who purportedly told him his mail would "go out as soon as possible." Am. Compl. 3. He further alleges that Defendant McCall was aware both that his mail was legal material and that it was urgent. *Id.* According to the Amended Complaint, Plaintiff's mail—whatever its contents—was due in state court no later than July 16, 2012. *Id.*

When Plaintiff appeared in state court on July 16, 2012, however, he was told that his "motion" had not arrived. *Id.* The Court read Plaintiff's Amended Complaint to nevertheless suggest that the state court judge granted him a one week extension—until July 24, 2012—to file a *pro se* motion to set aside the verdict. Op. 3. Upon his return from state court, Plaintiff inquired with Defendant Williams, the on-duty mail officer, as to the status of the legal mail sent on July 12, 2012. Am. Compl. 3. Defendant Williams purportedly informed Plaintiff that the status of his mail was "unknown," but on August 6, 2012, Plaintiff's legal mail was returned to him by Defendant McCall, who allegedly told him he had filled out the "wrong form even though she had supposedly processed [his] legal mail." *Id.*

Plaintiff contends that the handling of his mail by Defendants McCall and Williams was performed with "deliberate indifference and disregard," that this indifference caused him "to miss deadline by court in order to preserve and address issues of constitutional and due process dimensions," and that—had the state court received his *pro se* motion by July 24, 2012—he would have "been entitled to 'some form of relief' as a clear matter of law." Am. Compl. 4. It is on this basis that Plaintiff claims to have been denied his right of access to the courts.

2

As the Court noted in its Opinion, however, two pieces of information cast doubt on Plaintiff's claims of constitutional injury. First, the September 10, 2012 New York State Supreme Court opinion attached to Plaintiff's opposition papers clearly indicates that the court received a *pro se* motion to set aside the verdict, Opp. (Dkt. 45) Ex. B at 2, which, because Plaintiff's Amended Complaint describes only one *pro se* motion, seemed to undermine his claims of constitutional injury. Second, in his own opposition papers, Plaintiff acknowledges that his legal mail—despite Defendants' purported tampering—did eventually reach state court, albeit on August 14, 2014, several weeks after the July 24, 2012 deadline, but nearly a full month before the state court's September 10, 2012 opinion denying his motion. Opp. 2.

Finding that Plaintiff had thus failed "to allege any cognizable injury," and that Plaintiff had—at best—alleged a mere "delay in communicating with the state court," the Court granted Defendants' motion to dismiss Plaintiff's right of access to the courts claim. Op. 6.

In his motion for reconsideration, Plaintiff argues that the Court misunderstood his factual allegations, and offers several new factual clarifications. Although he acknowledges that the state court did consider, as it indicated in its opinion, a *pro se* motion he filed, Plaintiff contends that this motion was "inchoate," and not the "perfected" motion he later placed in the mail at GRVC on July 12, 2012 (the "Perfected Motion"). Mot. for Recons. (Dkt. 49) at 2.[1] Plaintiff now alleges that he submitted two *pro se* motions to state court—the earlier, "inchoate" motion (the "Inchoate Motion") and the later, Perfected Motion. *Id.* It was this Perfected Motion, with which Defendants allegedly interfered, that contained the additional legal arguments—purported *Rosario* violations

---

[1] In his motion for reconsideration, Plaintiff clarifies that it was the Perfected Motion that he mailed on July 12, 2012, and not a letter requesting an extension of time to file that motion. Mot. for Recons. 4. Plaintiff also clarifies that the state court did not grant an extension from July 16, 2012 to July 24, 2012. *Id.* at 5. Instead, "replacement counsel simply moved trial court to hear his motion on July 23, 2012, from July 16, 2012." *Id.*

3

and new grounds for finding his trial counsel ineffective—Plaintiff contends entitled him to relief as a matter of law. *Id.* at 2–3. It is on this basis that Plaintiff seeks reconsideration.[2]

## LEGAL STANDARD

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not an opportunity for the parties to "present new facts or theories," *Greenblatt v. Gluck*, 265 F. Supp. 2d 346, 350 (S.D.N.Y. 2003), and should only be granted "if there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." *Goldstein v. State of New York*, No. 00 CIV. 7463 (LTS), 2001 WL 893867, at *1 (S.D.N.Y. Aug. 7, 2001) *aff'd*, 34 F. App'x 17 (2d Cir. 2002).

## DISCUSSION

Even assuming, in light of the latitude granted *pro se* litigants, *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), that the existence of a previously undisclosed third motion to set aside the verdict does not constitute a "new fact," *Greenblatt*, 265 F. Supp. 2d at 350, Plaintiff's motion for reconsideration is denied. Although his motion does cast doubt on whether it was the Perfected Motion that the state court referred to in its September 10, 2012 decision, as opposed to the Inchoate Motion, Mot. for Recons. 2, the state court at the very least considered two of Plaintiff's motions, one of them counseled.

---

[2] Plaintiff does not appear to challenge the Court's dismissal of his due process claim.

4

In any event, Plaintiff does not challenge the Court's conclusion that his July 12, 2012 legal mail *did* eventually arrive in state court, on August 14, 2012, and was thus before the court at the time it rendered its September 10, 2012 decision. Op. 6; *see also* Opp. 2. Indeed, his motion for reconsideration makes clear that it was his Perfected Motion—which contained the additional arguments not raised in his Inchoate Motion—that Plaintiff attempted to mail on July 12, 2012 and that ultimately reached the state court in mid-August. Opp. 2; Mot. for Recons. 2.[3]

Therefore, even considering the facts provided in Plaintiff's motion for reconsideration in addition to those asserted in his Amended Complaint and opposition materials, the Court concludes, as it did originally, that Plaintiff cannot show the "actual injury" necessary to state a claim for denial of right of access to the courts, *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008), and that a second opportunity to amend would therefore be futile. At the very least, in light of the full record now before it, the Court cannot find that its decision granting Defendants' motion to dismiss was "clear error." *Goldstein*, 2001 WL 893867, at *1.

---

[3] To the extent Plaintiff alleges that the state court did not consider the Perfected Motion in addition to the counseled motion and Inchoate Motion because the Perfected Motion was submitted after its due date, it is worth noting that under New York law, "a defendant has no constitutional right to conduct a *pro se* defense while simultaneously being represented by counsel." *People v. Jordan*, 466 N.Y.S.2d 486, 488 (N.Y. App. Div. 1983) *aff'd*, 466 N.E.2d 145 (N.Y. 1984). *See also People v. White*, 539 N.E.2d 577, 583 (N.Y. 1989) (rejecting defendant's argument that "unless the [court] accepts *pro se* supplemental briefs filed by indigent defendants, the result will be that counsel's decision not to raise all nonfrivolous issues will bar defendants from obtaining a complete review of the merits"). Indeed, whether to entertain a *pro se* motion by an otherwise counseled defendant—and even whether to first "inquire into whether the defense attorney is aware of the existence of the motion and has discussed its contents with his or her client"—is a "matter committed to the sound discretion of the Trial Judge." *People v. Rodriguez*, 741 N.E.2d 882, 885 (N.Y. 2000) (quotation omitted).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration is denied. The Clerk of Court is requested to close the motion pending at docket entry 49 and to transmit the record of this decision to the Court of Appeals, *see* Dkt. 56.

SO ORDERED.

Dated:    May 21, 2015
          New York, New York

                                        Ronnie Abrams
                                        United States District Judge

6